■ In the Matter of COUNTY OF SUFFOLK, Appellant-Respondent, Relative to Acquiring Title to Real Property for County Purposes Near Bergen Point in the Town of Babylon, Suffolk County. JOHN M. LOEFFLER et al., Respondents-Appellants.—In a condemnation proceeding, the petitioner condemnor appeals, and claimants John M. Loeffler, J. M. L. Construction Corp. and David R. Bulk cross-appeal, from a judgment of the Supreme Court, Suffolk County, entered March 24, 1975, which awarded damages of $2,403,-600 to claimants Loeffler and J. M. L. Construction Corp., the fee owners, less an award of $131,006 to claimant Bulk, a tenant in possession. Judgment affirmed, without costs. The record amply supports the trial court's valuation of the fee interests, all parties having employed the same market

data approach and the award being well within the range of proffered values. The court was warranted in determining that claimant Loeffler's proof was insufficient to establish a shopping center-office building-multiple residence planned unit development as the property's highest and best use. Nor did he establish that the requisite zoning changes were reasonably probable. As respects the apportionment of the damage award between the fee and leasehold interests, the trial court's approach attained an eminently just result. The sale and leaseback arrangement herein allowed the grantor to remain in possession and continue his established nursery business for a 10-year term. In lieu of rent, the grantor remained responsible for taxes on the property and waived interest on the 10-year purchase money mortgages, which comprised more than 85% of the purchase price. It is manifest that the leaseback arrangement benefited both the landlord and the lessee, for their own reasons, and the parties' actions attest to their satisfaction therewith. Therefore, fairness demands that the loss of the remainder of the lessee's term be compensated. In the circumstances of the conceded absence of any comparable lease in the market place, and the failure of the standard formula for determining leasehold value to correctly reflect the economic interests of these parties, we hold that the trial court's determination of the economic or fair rental value of the premises on the basis of the property's value *to these particular parties* as of the taking date (the 1966 purchase price less the cash down payment, adjusted for time, multiplied by the 1966 fixed mortgage interest rate of 6%) was fair and proper. Rabin, Acting P. J., Hopkins, Christ, Munder and Shapiro, JJ., concur.